Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Chauncey B. Graham against the Grape Capsule Company. From a judgment of the Municipal Court in favor of plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

Kilroe & Swarts, for appellant.

Wells & Snedeker, for respondent.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.

---

(128 App. Div. 775.)

## In re MARKS' WILL.

(Supreme Court, Appellate Division, Third Department. November 11, 1908.)

1. WILLS (§ 367*)—PROBATE—REVIEW.

   A motion by a will contestant to amend her notice of appeal from Surrogate's Court theretofore filed and served, by adding the names and addresses of persons who have not appeared in the proceeding and who claim an interest in the subject-matter, and to serve the amended notice nunc pro tunc, is a motion contemplated by Code Civ. Proc. § 2573, requiring necessary parties to be brought in by order of the appellate court, and not within section 1303, authorizing cure of defects in notices of appeal, and hence, being made to the surrogate, was properly refused.

   [Ed. Note.—For other cases, see Wills, Dec. Dig. § 367.*]

2. WILLS (§ 361*)—PROBATE—REVIEW.

   A motion under Code Civ. Proc. § 2573, authorizing the appellate court on an appeal from Surrogate's Court to bring in necessary parties, is not proper until the appeal is perfected by proper service upon those who were parties in the Surrogate's Court.

   [Ed. Note.—For other cases, see Wills, Dec. Dig. § 361.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Surrogate's Court, Otsego County.

In the matter of proving Harriet L. Marks' will. From an order refusing to cure a defect in service of notice of appeal, Juliet C. Isham, contestant, appeals. Affirmed.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

Walter F. Wood, for appellant.

James W. Barnum, for respondent.

SMITH, P. J. The notice of appeal designates the order appealed from by the date of its entry, but describes it as the denial of a motion to cure a defect in service of notice of appeal, and this is what the appellant's counsel mainly argued before the court. He has assumed that his motion was made to perfect an appeal under section 1303 of the Code of Civil Procedure. An examination of the record, however, shows that he has made no such motion. By the order to show cause by which this motion was instituted, the appellant asks "to amend her notice of appeal heretofore filed and served in this proceeding, by adding thereto the names and addresses of all persons who have not appeared in this proceeding and who have or claim to have in the subject-matter in the decree herein a right or interest which is directly affected thereby and which appears by the face of the papers presented in the Surrogate's Court," and to serve said amended notice upon all parties to the action nunc pro tunc. This is clearly a motion contemplated by section 2573 of the Code of Civil Procedure. By that section the parties designated in the order to show cause are made necessary parties to the appeal. It is therein prescribed that they must be brought in by an order of the appellate court, which must prescribe the notice that must be given to them. The surrogate properly held therefore that the application therefor must be made to the appellate court, and not to the surrogate. Such a motion, moreover, would not be entertained until the appeal is perfected by proper service upon those who were parties in Surrogate's Court. Upon the merits of such an application we are not called upon at this time to express an opinion.

The order should therefore be affirmed, with $10 costs and disbursements.

Order affirmed, with $10 costs and disbursements. All concur; KELLOGG, J., in result.